SUSAN S. MUCK (CSB No. 126930)
smuck@fenwick.com
CATHERINE D. KEVANE (CSB No. 215501)
ckevane@fenwick.com
KATHERINE A. MARSHALL (CSB No. 327042)
kmarshall@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

ATTORNEYS FOR DEFENDANTS TIEN TZUO, TYLER SLOAT, PETER FENTON, KENNETH A. GOLDMAN, TIMOTHY HALEY, JASON PRESSMAN, MICHELANGELO VOLPI, MAGDALENA YESIL, AND NOMINAL DEFENDANT ZUORA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ZUORA, INC. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 3:19-cv-05701-SI<br>(Consolidated with Case No. 3:19-cv-05702-SI)<br><br>**STIPULATION AND [PROPOSED] ORDER APPOINTING CO-LEAD COUNSEL AND STAYING ACTION** |

1    Plaintiffs Andrew Lichter and Keith Beavan (collectively, "Plaintiffs"), defendants Tien
2 Tzuo, Tyler Sloat, Peter Fenton, Kenneth A. Goldman, Timothy Haley, Jason Pressman,
3 Michelangelo Volpi, and Magdalena Yesil (collectively the "Individual Defendants"), and nominal
4 defendant Zuora, Inc. ("Zuora" and, with the Individual Defendants, "Defendants"), by and through
5 their undersigned counsel, hereby stipulate as follows:

6    WHEREAS, on February 10, 2020, the Court entered an order approving the parties'
7 stipulation to consolidate Plaintiffs' individual stockholder derivative actions (collectively, the
8 "Consolidated Action") (Dkt. No. 38) (the "Consolidation Order");

9    WHEREAS, prior to consolidation, on November 5, 2019, the Court entered an order finding
10 Plaintiffs' individual stockholder derivative actions related to *Roberts v. Zuora, Inc.*, Case No. 3:19-
11 cv-03422-SI (the "Securities Action"), a securities class action also pending before the Court,
12 pursuant to Civil Local Rule 3-12 (Dkt. No. 14);

13    WHEREAS, on December 12, 2019, the Court entered a Joint Stipulation and Order
14 Adjourning Case Management Conference and Setting Briefing Schedule for Consolidation of
15 Related Actions and Defendants' Time to Respond (Dkt. No. 20) (the "Scheduling Order") providing
16 that, among other things, that Defendants' time to respond shall not be less than 60 days after the
17 Consolidation Order;

18    WHEREAS, a motion to dismiss is currently pending in the Securities Action before this
19 Court, which is set for hearing on April 24, 2020; and

20    WHEREAS, the parties agree that, given the unique circumstances of this Consolidated
21 Action and the factually-related Securities Action, it is currently in the best interests of Zuora to
22 temporarily stay the Consolidated Action to avoid inefficiencies and duplicative efforts, and better
23 preserve the resources of the parties and the Court;

24    WHEREAS, in order to further realize the efficiencies made possible by consolidation of the
25 Consolidated Action, Plaintiffs agree that The Rosen Law Firm, P.A. and The Brown Law Firm,
26 P.C., the respective resumes of which are attached hereto as Exhibits A and B, shall be designated
27 as Co-Lead Counsel representing plaintiffs in the Consolidated Action;

28

WHEREAS, Defendants take no position regarding appointment of Co-Lead Counsel;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties, through their respective counsel of record and subject to approval of the Court, as follows:

1. Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

2. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

3. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

4. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

5. This Consolidated Action, including all deadlines and hearings, shall be stayed until the earlier of either of the following events: (i) the Securities Action is dismissed with prejudice; or (ii) Defendants file an answer in the Securities Action.

6. Within fourteen (14) days of the earlier of either: (i) dismissal of the Securities Action with prejudice; or (ii) filing of an answer by Defendants in the Securities Action, the parties shall meet and confer and submit a proposed schedule to the Court for further proceedings in this action, including dates by which Plaintiffs must file a consolidated complaint or designate an operative complaint, and a date by which Defendants must answer or otherwise respond to the operative complaint in this Consolidated Action.

7. Notwithstanding the stipulated stay, Plaintiffs shall be permitted to file a consolidated complaint, or designate an operative complaint in the Consolidated Action, during the pendency of the stay consistent with the terms of Paragraphs 9 through 12 herein. Defendants shall be under no obligation to respond to any complaint while the stay is in effect.

8. In the event that the parties to the Securities Action and/or any derivative actions based on the same or similar set of facts as those alleged in this Consolidated Action agree to attend either a court-ordered settlement conference or party-scheduled mediation, Defendants will provide Plaintiffs with reasonable advance notice and shall invite Plaintiffs to participate therein subject to Defendants seeking and receiving permission from the Court and/or other parties to the mediation and/or settlement conference.

9. While the Consolidated Action is stayed, subject to entry of a Stipulated Protective Order in the Consolidated Action, and subject to the restrictions set forth in this Paragraph and Paragraphs 10 through 12 herein, Defendants shall promptly provide Plaintiffs, with undersigned counsel as Plaintiff's designated receiving agent, copies of any documents produced by Zuora in connection with any demand pursuant to Section 220 of the Delaware General Corporate Law, 8 *Del. C. §220*, based on the same or similar set of facts as those alleged in this Consolidated Action (the "Documents").

10. Plaintiffs acknowledge that the Securities Action is currently subject to a mandatory discovery stay pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(b)(1), and agree not to share any Documents or other documents or information provided pursuant to the terms of this Stipulation with plaintiffs in the Securities Action or any other

1 actions. Absent agreement of the Parties (after a good faith attempt to meet and confer) or an order of the Court, Plaintiffs further agree that they will not use any Documents or other non-public documents or information provided pursuant to the terms of this Stipulation in any complaint filed in this action unless and until the PSLRA stay is lifted in the Securities Actions.

11. Any provision of Documents pursuant to this Stipulation will not constitute a waiver of, or in any way limit, Defendants' right to file a motion to dismiss arguing that Plaintiffs fail to adequately plead demand futility, or Defendants' right to argue that Plaintiffs are not entitled to conduct formal discovery prior to establishing standing.

12. Plaintiffs agree that, prior to a finding at the pleadings stage that Plaintiffs have adequately alleged demand futility, Documents, materials or information obtained pursuant to this Stipulation shall not be used to supplement Plaintiffs' allegations of demand futility absent an agreement of the parties. Nor shall the existence and terms of this Stipulation be used as support for any argument that demand is futile or that Plaintiffs are entitled to discovery in aid of pleading demand futility.

13. While the Consolidated Action is stayed, Defendants shall promptly notify Plaintiffs, through their undersigned counsel, of any derivative action(s) based on the same or similar set of facts as those alleged in this Consolidated Action.

14. While the Consolidated Action is stayed, Defendants shall promptly notify Plaintiffs, through their undersigned counsel, if any derivative action based on the same or similar set of facts as those alleged in this Consolidated Action is not stayed for a similar or longer duration than the stay of the Consolidated Action.

15. If any derivative action based on the same or similar set of facts as those alleged in this Consolidated Action is not stayed for a similar or longer duration than the stay of the Consolidated Action, Plaintiffs in the Consolidated Action shall have the option to terminate the stay of the Consolidated Action. In the event Plaintiffs elect to terminate the stay, Plaintiffs shall provide notice of such election to the undersigned counsel for Defendants via email. Within fourteen (14) days after the notice of termination, the parties shall meet and confer and submit a proposed schedule

to the Court for further proceedings in this action, including dates by which Plaintiffs must file a consolidated complaint or designate an operative complaint, and a date by which Defendants must answer or otherwise respond to the operative complaint in this Consolidated Action. Termination of the stay of the Consolidated Action shall be effective thirty (30) days after Plaintiffs provide notice of termination.

16. By entering into this Stipulation, the parties do not waive any rights not specifically addressed herein, including the right to pursue formal discovery, the right to object to any formal discovery, the right to move for a future stay, and the right to file any other motion that any party deems appropriate.

**IT IS SO STIPULATED.**

DATED: March 30, 2020

**THE ROSEN LAW FIRM, P.A.**

By: ___/s/ Laurence M. Rosen___
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiffs*

- 5 -

| | |
|---|---|
| DATED: March 30, 2020 | **FENWICK & WEST LLP**<br><br>By:   /s/ Catherine D. Kevane<br>Susan S. Muck<br>Catherine D. Kevane<br>Katherine A. Marshall<br>Fenwick & West LLP<br>555 California Street<br>San Francisco, CA  94104<br>Telephone: (415) 875-2300<br>Facsimile: (415) 281-1350<br>Email:  smuck@fenwick.com<br>Email:  ckevane@fenwick.com<br>Email:  kmarshall@fenwick.com<br><br>*Counsel for Defendants Tien Tzuo, Tyler Sloat, Peter Fenton, Kenneth A. Goldman, Timothy Haley, Jason Pressman, Michelangelo Volpi, and Magdalena Yesil, and Nominal Defendant Zuora, Inc.* |

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in filing this stipulation.

| | |
|---|---|
| DATED: March 30, 2020 | By:   /s/ Catherine D. Kevane<br>             Catherine Kevane |

* * *

#### [~~PROPOSED~~] ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

| | |
|---|---|
| DATED: April 3, 2020 | [signature]<br>The Honorable Susan Illston<br>United States District Court Judge |