SUSAN S. MUCK (CSB No. 126930)
smuck@fenwick.com
CATHERINE KEVANE (CSB No. 215501)
ckevane@fenwick.com
FIONA TANG (CSB No. 298101)
ftang@fenwick.com
KATHERINE A. MARSHALL (CSB No. 327042)
kmarshall@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

FELIX LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Attorneys for Defendants
TIEN TZUO, TYLER SLOAT, PETER FENTON, KENNETH A. GOLDMAN, TIMOTHY HALEY, JASON PRESSMAN, MICHELANGELO VOLPI, MAGDALENA YESIL, AND NOMINAL DEFENDANT ZUORA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE ZUORA, INC. DERIVATIVE LITIGATION | Lead Case No. 3:19-cv-05701-SI (Consolidated with Case No. 3:19-cv-05702-SI) |
| This Document Relates To:<br><br>ALL ACTIONS. | **STIPULATION AND [PROPOSED] ORDER STAYING ACTION** |

Plaintiffs Andrew Lichter and Keith Beavan (collectively, "Plaintiffs"), defendants Tien Tzuo, Tyler Sloat, Peter Fenton, Kenneth A. Goldman, Timothy Haley, Jason Pressman, Michelangelo Volpi, and Magdalena Yesil (collectively the "Individual Defendants"), and nominal defendant Zuora, Inc. ("Zuora" and, with the Individual Defendants, "Defendants"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on November 5, 2019, the Court entered an order finding Plaintiffs' individual stockholder derivative actions were related to *Roberts v. Zuora, Inc.*, Case No. 3:19-cv-03422-SI (the "Securities Action"), a securities class action also pending before the Court, pursuant to Civil Local Rule 3-12 (Dkt. No. 14);

WHEREAS, on February 10, 2020, the Court entered an order approving the Plaintiffs' and Defendants' (collectively, "Parties") stipulation to consolidate Plaintiffs' individual stockholder derivative actions (collectively, the "Consolidated Action") (Dkt. No. 38) (the "Consolidation Order");

WHEREAS, on December 12, 2019, the Court entered a Joint Stipulation and Order Adjourning Case Management Conference and Setting Briefing Schedule for Consolidation of Related Actions and Defendants' Time to Respond (Dkt. No. 20) providing that, among other things, Defendants' time to respond shall not be less than 60 days after the Consolidation Order;

WHEREAS, on April 3, 2020, the Court entered a Stipulation and Order (Dkt. No. 42) that provided in pertinent part that this Consolidated Action, including all deadlines and hearings, would be stayed until the earlier of either of the following events: (i) the Securities Action is dismissed with prejudice; or (ii) Defendants file an answer in the Securities Action;

WHEREAS, on June 11, 2020, Defendants in the Securities Action filed an answer to the Securities Action Complaint (Dkt. No. 84);

WHEREAS, the Parties agree that, given the circumstances of this Consolidated Action and the factually-related Securities Action, it remains in the best interests of Zuora to temporarily stay the Consolidated Action to avoid inefficiencies and duplicative efforts, and better preserve the resources of the Parties and the Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties, through their respective counsel of record and subject to approval of the Court, as follows:

1. This Consolidated Action, including all deadlines and hearings, shall be stayed until the completion of fact discovery in the Securities Action.

2. In the event that the parties to the Securities Action and/or any derivative actions based on the same or similar facts as those alleged in this Consolidated Action agree to attend either a court-ordered settlement conference or party-scheduled mediation, Defendants shall provide Plaintiffs with reasonable advance notice and shall invite Plaintiffs to participate therein subject to Defendants seeking and receiving permission from the Court and the other parties to the mediation and/or settlement conference; provided that in the event such permission is not received, Defendants will offer to mediate with Plaintiffs at or about the same time.

3. Notwithstanding the stipulated stay, Plaintiffs shall be permitted to file a consolidated complaint during the pendency of the stay consistent with the terms of Paragraphs 4 through 6 herein. Defendants shall be under no obligation to respond to any complaint while the stay is in effect.

4. While the Consolidated Action is stayed, subject to entry of a Stipulated Protective Order in the Consolidated Action, and subject to the restrictions set forth in this Paragraph and Paragraphs 5 and 6 herein, Defendants shall promptly provide Plaintiffs, with undersigned counsel as Plaintiff's designated receiving agent, copies of any documents produced by Zuora in response to any demand pursuant to Section 220 of the Delaware General Corporate Law, 8 *Del. C. §220*, based on the same or similar facts as those alleged in this Consolidated Action (the "Documents").

5. Upon the close of fact discovery in the Securities Action, the Parties shall meet and confer to identify which documents, responses to interrogatories, requests for admission and/or deposition testimony from the Securities Action shall be produced to Plaintiffs. Upon completion of such meet and confer and agreement on scope of production, the agreed-upon discovery materials shall be produced to Plaintiffs within thirty (30) days. The production of such materials will also be subject to the entry of a mutually agreeable confidentiality order in this matter. In the event that a court-ordered settlement conference or party-scheduled mediation is set prior to close of fact

discovery in the Securities Action, the Parties to this Consolidated Action shall meet and confer to identify which documents, responses to interrogatories, requests for admission and/or deposition testimony from the Securities Action shall be produced to Plaintiffs sufficiently in advance of the settlement conference or mediation.

6. Any provision of Documents pursuant to this Stipulation will not constitute a waiver of, or in any way limit, Defendants' right to file a motion to dismiss arguing that Plaintiffs fail to adequately plead demand futility. Plaintiffs agree that, prior to a finding at the pleading stage that Plaintiffs have adequately alleged demand futility, any Documents, materials or information obtained pursuant to this Stipulation shall not be used to supplement Plaintiffs' allegations of demand futility absent written agreement of the Parties. Nor shall the existence and terms of this Stipulation be used as support for any argument that demand is futile or that Plaintiffs are entitled to discovery in aid of pleading demand futility.

7. While the Consolidated Action is stayed, Defendants shall promptly notify Plaintiffs, through their undersigned counsel, of the filing of any derivative action(s) based on the same or similar facts as those alleged in this Consolidated Action.

8. If any derivative action based on the same or similar set of facts as those alleged in this Consolidated Action is not stayed for a similar or longer duration than the stay of the Consolidated Action, Plaintiffs in the Consolidated Action shall have the option to terminate the stay of the Consolidated Action. In the event Plaintiffs elect to terminate the stay, Plaintiffs shall provide notice of such election to the undersigned counsel for Defendants via email. Within fourteen (14) days after the notice of termination, the parties shall meet and confer and submit a proposed schedule to the Court for further proceedings in this action, including dates by which Plaintiffs must file a consolidated complaint or designate an operative complaint, and a date by which Defendants must answer or otherwise respond to the operative complaint in this Consolidated Action. Termination of the stay of the Consolidated Action shall be effective thirty (30) days after Plaintiffs provide notice of termination.

9. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein, including the right to pursue formal discovery after the stay is lifted, the right to object to any formal discovery, the right to move for a future stay, and the right to file any other motion that any party deems appropriate.

10. After the stay is lifted, Defendants shall not move to stay this Consolidated Action in deference to any other derivative action.

**IT IS SO STIPULATED.**

DATED: August 28, 2020

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

| | |
|---|---|
| DATED: August 28, 2020 | **FENWICK & WEST LLP** |
| | By: /s/ Catherine D. Kevane |
| | Susan S. Muck |
| | Catherine D. Kevane |
| | Katherine A. Marshall |
| | Fenwick & West LLP |
| | 555 California Street |
| | San Francisco, CA  94104 |
| | Telephone: (415) 875-2300 |
| | Facsimile: (415) 281-1350 |
| | Email:  smuck@fenwick.com |
| | Email:  ckevane@fenwick.com |
| | Email:  kmarshall@fenwick.com |
| | *Counsel for Defendants Tien Tzuo, Tyler Sloat, Peter Fenton, Kenneth A. Goldman, Timothy Haley, Jason Pressman, Michelangelo Volpi, and Magdalena Yesil, and Nominal Defendant Zuora, Inc.* |

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in filing this stipulation.

| | |
|---|---|
| DATED: August 28, 2020 | By: /s/ Catherine D. Kevane |
| | Catherine Kevane |

* * *

### [PROPOSED] ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: August 31, 2020

The Honorable Susan Illston
United States District Court Judge