UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LICHTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TIEN TZUO, et al.,<br><br>    Defendants. | Case No. 19-cv-05701-SI<br><br>**ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 66 |

This is a shareholder derivative action seeking redress for actions allegedly taken by officers and directors of Zuora, Inc. Dkt. No. 1. Now before the Court is a motion filed by Plaintiffs requesting permission to file under seal an unredacted version of the Verified Consolidated Shareholder Derivative Complaint. Dkt. No. 66 (Motion). Plaintiffs argue the highlighted portions identified in the Complaint attached to the motion contain information procured from documents which Defendants have designated as Protected Material deemed "CONFIDENTIAL" under this Court's Protective Order. *Id.*; Dkt. No. 66-2 (Unredacted Complaint). In support of the motion, counsel for Defendants declares that the proposed redactions "contain highly sensitive commercial information concerning Zuora's business and products, internal processes, sales strategy, product development, and Board functions and deliberations. Zuora maintains this information in strict confidence and does not disclose it to the public." Dkt. No. 67 ¶ 5 (Supporting Declaration).

Although there is "a strong presumption in favor of access to court records," this right of access "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Compelling reasons may include, for example, the disclosure of "proprietary and confidential business information that would harm a party's competitive standing," *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at

*2 (N.D. Cal. May 14, 2021), or disclosure that would "allow competitors to learn the 'operation and functionality of [Defendant]'s technical capabilities.'" *X One, Inc. v. Uber Techs., Inc.*, 2020 WL 718310, at *2 (N.D. Cal. Feb. 12, 2020) (internal citation omitted)).

The Court has reviewed the unredacted Verified Consolidated Shareholder Derivative Complaint, Plaintiffs' Motion, and the Supporting Declaration, and finds it appropriate to **GRANT** the motion. The material at issue was deemed "CONFIDENTIAL" by defendants and reflects minutes from meetings of Zuora's Board of Directors and Board presentations and deliberations relating to key aspects of Zuora's business, including its product development, its risk management policies and practices, and intimate details regarding Zuora's relationship with key customers. Thus, the Court will permit Plaintiffs to file the unredacted version of the complaint under seal, and publicly file version of the complaint with the following portions redacted: paragraphs 106 through 116, and part of paragraph 117, which are located on page 29, lines 10–27, page 30, lines 1–26, and page 31, lines 1–3 and part of line 14.

**IT IS SO ORDERED**.

Dated: April 26, 2022

_____
SUSAN ILLSTON
United States District Judge